# UNITED STATES DISTRICT COURT

District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|

v.

HENRIQUE ORTOLANI DE SOUZA VILA REAL
aka; Henrique Real, aka; Bomba

Case Number:  2:17-cr-00001-JAD-DJA-18

USM Number: 53690-048

**Date of Original Judgment:**   1/22/2020
*(Or Date of Last Amended Judgment)*

Kathleen Bliss, Retained
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)   2 and 26 of the Indictment [ECF No. 1]

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. §§ 1029(a)(2) | Use or Trafficking in Unauthorized Access Device | 10/23/2015 | 2 |
| 18 U.S.C. §§ 1028A(a)(1) | Aggravated Identity Theft | 10/30/2016 | 26 |

The defendant is sentenced as provided in pages 2 through _____7_____ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   all remaining counts           ☐ is  ☑ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/4/2020
Date of Imposition of Judgment

Signature of Judge

Jennifer A. Dorsey, U.S. District Judge
Name and Title of Judge

6/4/2020
Date

Judgment — Page ___2___ of ___7___

DEFENDANT:   HENRIQUE ORTOLANI DE SOUZA VILA REAL ;
CASE NUMBER:   2:17-cr-00001-JAD-DJA-18

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
12 months on Count 2, to run concurrent to the sentence imposed in Case No. 2:16-cr-331-JCM; and a sentence of 20 months on Count 26, to run consecutive to the sentence on Count 2.*

☑ The court makes the following recommendations to the Bureau of Prisons:
   The Court recommends that the defendant be designated to FCI Lompoc.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____   ☐ a.m.   ☐ p.m.   on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.


_____
                                              UNITED STATES MARSHAL

                        By _____
                                              DEPUTY UNITED STATES MARSHAL

AO 245C (Rev. 09/19)   Amended Judgment in a Criminal Case                                                                (NOTE: Identify Changes with Asterisks (*))
Sheet 3 — Supervised Release

Judgment—Page _____3_____ of _____7_____

DEFENDANT:   HENRIQUE ORTOLANI DE SOUZA VILA REAL ak
CASE NUMBER:   2:17-cr-00001-JAD-DJA-18

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

3 YEARS for count 2; 1 YEAR for count 26; concurrent.

and must comply with the following standard conditions, mandatory conditions, and special conditions:

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1.   You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.   After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3.   You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.   You must answer truthfully the questions asked by your probation officer.
5.   You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.   You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7.   You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.   You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.   If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10.   You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11.   You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12.   If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13.   You must follow the instructions of the probation officer related to the conditions of supervision.

AO 245C (Rev. 09/19)    Amended Judgment in a Criminal Case                                      (NOTE: Identify Changes with Asterisks (*))
                        Sheet 3A — Supervised Release

---

DEFENDANT:   HENRIQUE ORTOLANI DE SOUZA VILA REAL al               Judgment—Page    4    of    7
CASE NUMBER:   2:17-cr-00001-JAD-DJA-18

## MANDATORY CONDITIONS OF SUPERVISION

1.  You must not commit another federal, state or local crime.
2.  You must not unlawfully possess a controlled substance.
3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

    ☐   The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4.  You must cooperate in the collection of DNA as directed by the probation officer.

5.  You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's   Signature _____      Date _____

Judgment—Page  5  of  7

DEFENDANT:  HENRIQUE ORTOLANI DE SOUZA VILA REAL ak
CASE NUMBER:  2:17-cr-00001-JAD-DJA-18

## SPECIAL CONDITIONS OF SUPERVISION

1. **Mental Health Treatment** – You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (provider, location, modality, duration, intensity, etc.).

2. **Access to Financial Information** – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

3. **Debt Obligations** – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

4. **No Contact** – You must not communicate, or otherwise interact, with co-conspirators, either directly or through someone else, without first obtaining the permission of the probation office.

5. **Search and Seizure** – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

6. **Deportation Compliance** – If you are ordered deported from the United States, you must remain outside the United States, unless legally authorized to re-en

DEFENDANT:   HENRIQUE ORTOLANI DE SOUZA VILA REAL ak
CASE NUMBER:   2:17-cr-00001-JAD-DJA-18

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 2,251,712.91 | $ | $ | $ |

☐   The determination of restitution is deferred until _____ .  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑   The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss*** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| RESTITUTION LIST ATTACHED | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☑   Restitution amount ordered pursuant to plea agreement  $ 2,251,712.91

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☑   the interest requirement is waived for  ☐ fine  ☑ restitution.

☐   the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case
Sheet 6 — Schedule of Payments                                                    (NOTE: Identify Changes with Asterisks (*))

Judgment — Page ___7___ of ___7___

DEFENDANT:  HENRIQUE ORTOLANI DE SOUZA VILA REAL ak
CASE NUMBER:  2:17-cr-00001-JAD-DJA-18

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑  Lump sum payment of $ __2,251,912.91__ due immediately, balance due

    ☐  not later than _____ , or
    ☑  in accordance with  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of  $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☑  Special instructions regarding the payment of criminal monetary penalties:

    Any unpaid balance must be paid at a monthly rate of not less than 10% of any income earned during incarceration and/or gross income while on supervision, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑  Joint and Several

| Case Number<br>Defendant and Co-Defendant Names<br>*(including defendant number)* | Total Amount | Joint and Several<br>Amount | Corresponding Payee,<br>if appropriate. |
|---|---|---|---|
| All co-defendants in this case<br>2:17-cr-00001-JAD-DJA | $2,251,712.91 | | |

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☑  The defendant shall forfeit the defendant's interest in the following property to the United States:
    FINAL ORDER OF FORFEITURE ATTACHED

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

**U.S. v. HENRIQUE DE SOUZA VILA REAL**
**2:17-CR-00001-JAD-DJA**
<u>**Restitution List**</u>

| | |
|---|---|
| Caixa Economica Federal<br>SBS Quadra 4, Lotes<br>3/4, Ed. Sede, Asa Sul,<br>21 Andar, Brasília,<br>Distrito Federal, Brazil | $   33,600.00 |
| Chase Bank, USA N.A.<br>200 White Clay Center Drive<br>Newark, DE 19711 | $   7,245.00 |
| Diamond Boutique<br>2710 Via de la Valle #B280<br>Del Mar, CA 92014 | $   33,585.00 |
| Everi Holdings, Inc.<br>7250 S. Tenaya Way, Suite 100<br>Las Vegas, NV 89113 | $ 544,283.48 |
| Hakkasan<br>3799 South Las Vegas Blvd.<br>Las Vegas, NV 89109 | $ 131,336.38 |
| Mary's Tack and Feed<br>3675 Via de la Valle<br>Del Mar, CA 92014 | $   1,887.45 |
| Mayors Jewelers<br>5870 N. Hiatus Rd<br>Tamarac, FL 33321 | $   53,253.94 |
| MGM Resorts International<br>3600 Las Vegas Blvd South<br>Las Vegas, NV 89109 | $ 913,961.41 |
| Nike Store 93, Forum Shops<br>3500 South Las Vegas Blvd.<br>Las Vegas, NV 89109 | $   33,115.48 |

| | |
|---|---|
| SunTrust Bank<br>Attn: Charles Todd Mckenzie<br>2000 Longwood Park<br>Statham, GA 30666 | $   27,250.84 |
| Tesorini Fine Jewelry & Watches<br>3600 South Las Vegas Blvd.<br>Las Vegas, NV 89109 | $   83,350.00 |
| Total Wine & More<br>6600 Rockledge Dr.<br>Bethesda, MD 20817 | $   105,755.72 |
| Tourneau<br>Roosevelt Field Mall<br>630 Old Country Rd<br>Garden City, NY 11530 | $   111,895.07 |
| Wells Fargo Bank, N.A.<br>420 Montgomery Street<br>San Francisco, CA 94104 | $   6,980.00 |
| Wynn Las Vegas Resort<br>3121 South Las Vegas Blvd<br>Las Vegas, NV 89109 | $   97,922.64 |
| RBC Royal Bank Credit Card<br>Attn: Card Investigation<br>4010 Tupper, 1st Floor<br>Westmount Quebec H3Z 2Y3 | $   57,603.61 |
| BMO Financial Group<br>Investigative & Security Services<br>2609 Granville Street, Ste 301<br>Vancouver, BC V6H 3H3 | $   8,686.89 |

**TOTAL:**                                    **$2,251,712.91**


** Joint and Several between all defendants in case 2:17-cr-00001-JAD-DJA

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-CR-001-JAD-DJA |
| Plaintiff, | **Final Order of Forfeiture** |
| v. | |
| HENRIQUE ORTOLANI DE SOUZA VILA REAL, a/k/a "Henrique Real," a/k/a "Bomba," | |
| Defendant. | |

The United States District Court for the District of Nevada entered a Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2); 18 U.S.C. § 1029(c)(1)(C) and 1029(c)(2); 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p) based upon the plea of guilty by Henrique Ortolani de Souza Vila Real, a/k/a "Henrique Real," a/k/a "Bomba," to the criminal offenses, forfeiting the property and imposing an in personam criminal forfeiture money judgment set forth in the Plea Agreement, the Bill of Particulars, and the Forfeiture Allegation of the Criminal Indictment and shown by the United States to have the requisite nexus to the offense to which Henrique Ortolani de Souza Vila Real, a/k/a "Henrique Real," a/k/a "Bomba," pled guilty. Criminal Indictment, ECF No. 1; Bill of Particulars, ECF No. 236; Plea Agreement, ECF No. 361; Change of Plea, ECF No. 360; Preliminary Order of Forfeiture, ECF No. 362.

This Court finds that the United States may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

The in personam criminal forfeiture money judgment amount of $259,947.55 complies with *Honeycutt v. United States*, 137 S. Ct. 1626 (2017).

This Court finds the United States published the notice of forfeiture in accordance with the law via the official government internet forfeiture site, www.forfeiture.gov, consecutively from July 15, 2018, through August 13, 2018, notifying all potential third parties of their right to petition the Court. Notice of Filing Proof of Publication, ECF No. 377.

This Court finds no petition was filed herein by or on behalf of any person or entity and the time for filing such petitions and claims has expired.

This Court finds no petitions are pending with regard to the property named herein and the time for presenting such petitions has expired.

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that all possessory rights, ownership rights, and all rights, titles, and interests in the property hereinafter described are condemned, forfeited, and vested in the United States:

1. Counterfeit RBC Royal Bank of Scotland Visa Card in the name of (INO) RBDS, ending in 9852, and Bellagio credit card cash advance receipt dated 12/13/15, in the amount of $3000;

2. Counterfeit Caixa Internacional Visa Card INO BS, ending in 0397; Counterfeit American Express card INO BS, ending in 1005;

3. Silver iPhone 5 Model A1586 in black and white case, IMEI: 354432060496376;

4. Black Samsung Galaxy Note mobile phone;

5. Counterfeit Citi MasterCard INO CRSB ending in 8560; Counterfeit Citi MasterCard INO CRSB ending in 4692; Safra Global Travel American Express Card ending in 7744;

6. Rose gold Apple iPhone 6S Model A1688, IMEI: 353315075920673;

7. Gold iPhone 6 Model A1549, IMEI: 358369064873208;

8. Silver iPhone 6S Model A1633, IMEI: 353255077268491, with cracked screen;

9. GoPro Hero4 in Waterproof case;

2

10. Black Caesars Palace robe, Flora by Gucci perfume, and Bvlgari Jasmin Noir Perfume;

11. Two (2) pairs of Oakley pants, 2 pairs of Oakley shorts, and 1 Oakley bag;

12. Thermal dye printer parts, receipts, rental paperwork, CBP Form 6059B, Wells Fargo New Account Kit, LVAC membership card, Square magnetic stripe reader, DUI Doctor email;

13. Counterfeit Citibank MasterCard INO AAR ending in 4439; Counterfeit American Express card INO AR ending in 5013;

14. Box containing Wonder Manual Embossing Machine;

15. Bank of America Travel Rewards Visa card INO FTMN ending in 4525, exp. 6/19; Bank of America Debit Card INO FMN ending in 0330, exp. 3/20; Wells Fargo check book, account #xxxxxx7557;

16. American Express gift card ending in 8424 and temporary checks from Wells Fargo Bank;

17. Rolex Watch serial number: N72H1757;

18. Black Ray-Ban pouch containing twelve (12) counterfeit credit cards;

19. White cardboard box containing an ATM Skimmer and skimming equipment;

20. Brown "FedEx" cardboard box containing Thirty (30) counterfeit pre-paid visa cards and One (1) Exacto Knife;

21. Brown "Louis Vuitton" bag;

22. White and gold Apple iPhone Model A1549, IMEI: 354450066294207, with charger and damaged cracked face;

23. Silver Apple iPhone 7 Model A1778, in black case;

24. "Tag Heuer" watch;

25. Yellow metal "Bvlgari" ring;

26. Apple MacBook Pro laptop computer, S/N: C02NKCBNG3QD, in black Speck case;

27. Silver HP laptop computer, S/N: 5CD5388C76, in black Spectre case;

28. Silver Acer laptop, Model N15V2, SNID: 54407217523, with power cord;

29. Silver HP EliteBook laptop, Model D40, CNC 54-5681, with power cord;

30. SanDisk micro SD adapter and SanDisk 32GB SD card;

31. Lexar micro SD adapter and Lexar 64GB SD card in clear case;

32. EMTEC Micro SD adapter and SanDisk 32GB micro SD card in clear case;

33. SanDisk adapter with 32GB Emtec micro SD card in clear case;

34. Two (2) Apple power adapters with cord and one (1) extension cord;

35. White and pink iPhone with cracked screen, FCC ID: BCG-E2946A;

36. Black iPhone in clear case, FCC ID: BCG-E3091A;

37. Twenty-seven (27) counterfeit credit cards;

38. Fargo HDP 5000 printer and cables;

39. Skimmer kit with components in black file box;

40. US Bank Visa Debit Card, INO LR ending in 8453; Wells Fargo ATM Card INO LR ending in 9702; Wells Fargo Platinum Debit Visa INO LR ending in 9521;

41. Gray Apple iPhone Model A1633, IMEI: 353261079734944;

42. Black Apple iPhone Model A1660, IMEI: 353825082515894;

43. $186 in U.S. Currency as follows: $20 x 8, $10 x 1, $5 x 2, $2 x 1, $1 x 4;

44. Two (2) blank cards;

45. Credit card stock;

46. HP Model KC463UA#AGA Pavilion laptop computer bearing serial number: 2CE8021JKV and service tag: dv2781us. Heavily damaged including broken hinge for screen/cover on left side. Includes power adapter that is not compatible with this laptop;

47. 256GB thumb drive;

48. Rolex Submariner watch;

49. $540 in U.S. Currency as follows: $20 x 27;

50. Apple iPhone Model A1660, IMEI: 359162074101481, with cracked front screen in black "incipio" phone case;

4

51. Cartier watch;

52. Gold colored Tiffany and Co. bracelet;

53. Cannon EOS 5D Camera, S/N: 052024008064 in camera bag;

54. Three (3) Credit cards as follows: Wells Fargo Visa ending in 9715 INO ARR; Wells Fargo Visa ending in 4206 INO AR; and Citibank MasterCard ending in 4439 INO AAR. Mlife Players Card INO AA; and One (1) Rolex Card;

55. Apple iPhone S Model A1633, IMEI: 354953070794823;

56. Seven (7) Visa Credit Cards - Four (4) ending in 1117 INO CB; One (1) ending in 8364 INO CB; One (1) ending in 7019 INO B (Printed Sideways in card stock); and One (1) appears to end in 117;

57. Embossing Machine;

58. Large UPS Box Containing Shoes and Clothes;

59. Toshiba Laptop Computer, S/N: X903910Q with charger;

60. USPS Priority Mail box containing Twenty-Nine (29) new bottles of "Victoria Secret" Lotion;

61. Clear plastic bag containing new "Tommy Hilfiger" Shirts;

62. MacBook Pro Laptop Computer Model A1398, S/N: C02M30SQFR1M, with charger in Louis Vuitton Laptop Bag;

63. Apple iPhone 7 Model A1778, FCC ID: BCG-E3091A;

64. Black "Armani" watch;

65. Black "Bulova" watch;

66. Tan and black "Diesel" watch;

67. Three (3) "Oakley" Watches as follows - One (1) silver in color; One (1) black and grey in color; and One (1) black and gold in Color;

68. Silver colored "Michael Kors" Watch;

69. Black and gold colored "Bulova" Watch;

70. Black and gold colored "Oakley" Watch;

71. Eight (8) pairs Sunglasses;

5

72. Black Case containing Seventeen (17) Sunglasses;

73. Itaucard 2.0 MasterCard INO TDACA, ending in 0672;

74. Damaged Apple iPhone Model: A1524, IMEI: 355377070921856;

75. Two (2) cards as follows: One (1) Confidence Cash Passport MasterCard ending in 0658; One (1) Costco Gold Star Member Card Member #xxxxxxxx9904 INO KB;

76. Three (3) "G-Shock" watches - One (1) pink in color, Two (2) white in color;

77. Two Purses as follows: One (1) Pink Valentino, One (1) Black Valentino;

78. Apple iPad Model: A1489, FCC ID: BCGA1489, S/N: F9FQQGFTFCMS;

79. Black Alcatel Cell Phone, IMEI: 014771000411801;

80. Apple iPhone Model: A1688, IMEI: 3585680781644906;

81. ZTE Cell Phone Model: Z820, S/N: 32BC56871AA1;

82. Samsung Galaxy S7 Edge Cell Phone, IMEI: 357751073361666;

83. Watch Case Containing Ten (10) Watches as follows: Seven (7) "Michael Kors"; One (1) Boss; One (1) Gold in Color; and One (1) Silver in Color;

84. Gold colored "Ellen Tracey" Watch;

85. Apple iPad Model: A1489, FCC ID: BCGA1489;

86. Three (3) Credit Cards and Four (4) Cards with Magnetic Strips: Wells Fargo Visa Card ending in 9988 INO CDS; Chase Debit Visa ending in 6358 INO CRDS; MasterCard Gift card ending in 5041; Bellagio Card, Top Golf Card, Safeway Club Card, and Hilton Card;

87. MSR X6 Card Skimmer / Reader;

88. Twelve (12) pairs of shoes;

89. Fifty dollar ($50) Chevron gift card;

90. One (1) Hullot watch; Two (2) Lust watches;

91. Red and black SanDisk Cruzer 8GB thumb drive;

92. Wells Fargo Platinum Visa Debit card INO LR, ending in 2028, expiration: 08/19, Safra Platinum Visa card INO LR, ending in 2117, expiration: 03/20; Citibank Master Card Debit card INO LR, ending in 4685, expiration: 02/18; Bank of

6

America Visa Debit card INO LR, ending in 4167, expiration: 05/19; Tissot International Warranty card; Ourocard Empresarial Visa card INO LR, ending in 5949, expiration: 08/16; Total Rewards Platinum card #xxxxxxx3176, INO LR;

93. Seagate Momentum 5400 250GB hard drive, S/N: 6VCKHDTW;

94. Silver iPhone S Model: A1533, FCC ID: BCG-E2642A, IMEI: 013884003601269;

95. Silver iPhone S Model: A1688, FCC ID: BCG-E2946A, IMEI: 353265071239497, with cracked screen;

96. SanDisk 8GB SDHC card;

97. Western Digital My Cloud external hard drive, S/N: WCC4M0JPX1K1;

98. $660 in U.S. Currency as follows: $20 x 33;

99. $88 in U.S. Currency as follows: $1 x 8, $10 x 1, $20 x 1, $50 x 1;

100. Vanilla Master Card prepaid debit card in the amount of fifty dollars ($50), ending in 1771;

101. Western Digital 500GB laptop hard drive, S/N: WXH1CB1W4213;

102. New, unopened iPhone 7 Plus 256GB in box, Model: A1661, S/N: F2LSW4U4HF6;

103. MacBook Pro Laptop Model: A1398, S/N: C02M9007FR1M;

104. Black Thermal Printer;

105. Black Tipper Machine with cords; Power Transformer 110-220;

106. Apple MacBook Pro Model A1211, S/N: W87094RKW0G;

107. Apple MacBook Pro Model A1278, S/N: C17GRDH5DV13;

108. Forty-Seven (47) Counterfeit Credit Cards and Magnetic strip cards with no data on magnetic strips;

109. Twenty-One (21) Counterfeit Credit Cards and Magnetic strip cards with no data on magnetic strips;

110. Forty-Seven (47) Counterfeit Credit Cards and Magnetic Strip Cards with no data on the Magnetic Strip;

/ / /

111. Twenty-One (21) Counterfeit Credit Cards and Magnetic Strip Cards with no data on the Magnetic Strip;

112. Wells Fargo Visa card INO HOR, ending in 3058, expiration 05/20; Citibank Citigold MasterCard debit card INO HOR, ending in 4443, expiration 04/21; American Express Business Platinum card INO HOR, ending in 1001, expiration 10/21; NeatnessCleaners Com;

113. WTJ 90A tipping machine;

114. Twenty-six (26) card stocks; two (2) Fargo Polyguard overlaminate rolls; four (4) cords;

115. Black LG external DVD drive; Silver Apple external DVD drive; Black plastic spring loader card holder; Silver metal paper weight; Micro SD adapter;  Bluetooth USB adapter;

116. WT-90 AS tipping machine in box;

117. Roll of gold tipping foil; MSR X6 card reader; Box of stock cards;

118. Canon Pixma printer, S/N: AEBH54501;

119. HP Officejet 100 mobile printer, S/N: MY47ED10T4;

120. Black notebook; Silver keyboard; Black notebook with C.C. hologram logos; Green folder with C.C. stickers; Small white canon printer; V30 cash counter;

121. Fargo HDP 5000 Thermal Dye Printer (1 of 2);

122. Fargo HDP 5000 Thermal Dye Printer (2 of 2);

123. Royal Sovereign cash counter;

124. Silver Apple MacBook Air 13" laptop, Model: A1466, S/N: C02M81LBF5V8;

125. Silver Apple MacBook Pro 15" laptop, Model: A1398, S/N: C02J764BDKQ2;

126. Grey Seagate Hard Drive. The words "Wireless Plus" and "1TB" are printed on the case along with Part Number 1JABP1-500, S/N: NA3312RZ;

127. Apple iPhone 6, white face with yellow metal colored back. The rear case appears to have been replaced with a gold colored metal with white stones inset into the actual case of the phone. The words "24KT GOLD LIMITED EDITION",

8

"GOLD & CO LONDON", "UK GOLD CO. LTD.", "IPHONE 6", and "2015 EDITION" are located on the rear case of the phone;

128. Apple iPhone 6, White face with champagne or gold colored back, Model: A1586, IMEI: 358363064935067, FCC ID: BCG-E2816A, and IC: 579C-E2816A];

129. USB jump drive, Black stick with Metal (Silver) cover that displays the words "MOM365";

130. Black Kingston USB jump drive with Black slide cover. The faded words of "100 G2" can be made out on the plastic;

131. Black and red SanDisk USB jump drive "Cruzer Glide 16GB". The numberings of SDCZ60-016G and BL140624700N are written on the USB stick;

132. Dark metal colored HP USB jump drive with markings of 32GB and V250W written on the USB stick;

133. Black and red SanDisk USB jump drive "Cruzer Blade 8GB". The numberings of SDCZ50-008G and what appears to read BL1008OGQB are written on the USB stick;

134. USB jump drive, Black stick with Metal (Silver) colored cover.  The words "Multilaser 8GB" are written on the black USB stick with white lettering;

135. Silver Apple iMac Desktop Computer Model: A1419, S/N: C02NCCVUF8J4, with cracked screen;

136. Apple iPad Air Model: 1475, White face with silver colored back, S/N: DLXMP5EMF4YJ and AT&T Sim Card S/N: 8901404277166560288;

137. Champagne or gold Apple MacBook 12" laptop Model: 1534, S/N: C02PX4YHGF85, in white cracked case with feathers;

138. Apple iPhone 6S Model A1688, Black face with silver colored back, no serial number or IMEI displayed on the back, FCC ID BCG-E2946A and IC 579C-E2946A;

139. Grey and black Dell Latitude D630 Laptop, Service Tag number 1QTCJH1, Express Service Code 3798196885;

140. Silver Windows Surface Tablet with purple keyboard, markings on the back side display "Surface", serial number "076138344253", and "256GB";

141. Black and metal colored SanDisk mini USB jump drive, no cover, blade displays "SDCZ33", "16GB", and "BL120623300D;

142. Black and metal colored SanDisk mini USB jump drive with a black cover that covers the USB blade, blade displays "SDCZ33", "16GB", and "BL120623300D";

143. Silver colored USB jump drive with black rubber like ring, and a black O-ring seal. The USB Cover unscrews from the USB stick and is the same metal (Silver) color. The words "Corsair, Flash, Survivor" are written on the cover and the USB stick. USB Blade has the writings of "128G" and "161891497" with the other side of the blade displaying "119563" and "CHINA 161891497";

144. Green with white slide cover USB jump drive.  Words "CardPresso" and "More than an application" written on the slide cover. Metal key ring with a tag on ring that has information for "Card Imaging" with phone number 800-347-9089 and an email address to helper@cardimaging.com;

145. Black USB jump drive with metal cover/loop, and key ring;

146. Black and grey HP Laptop Model: 15-ba013cl, S/N: CND634157Y;

147. Seven (7) Credit Cards: Citi MasterCard Diamond Preferred INO HO, ending in 2290; Wells Fargo Platinum Debit Visa card INO HOVR, ending in 3561; American Express Premier Rewards INO, EDSVR ending in 1009; HSBC International MasterCard INO HR, ending in 3546; OneVanilla Prepaid Visa Card ending in 9143; Vanilla Visa Gift Card ending in 9110; and greendot Visa My Rewards Cash Back Card ending 7809;

148. Damaged Apple iPhone Model: A1549 IMEI: 358373064835738, AT&T sim card ICCID: 8901 4104 2788 4253 8128 with "702-606-2806 and $60 written on it";

149. Seventeen (17) Counterfeit Credit Cards: One (1) INO NP; Seven (7) INO VR; Three (3) INO PB; and Six (6) with no names on them;

150. Blank Card Stock in Fed Ex Box and Blank Card Stock in small white box;

151. Skimming Device;

152. Two (2) disks containing software for credit card magnetic strip readers;

153. Two (2) BEATS by Dre Wireless Headphones (New in Original Packaging);

154. Three (3) MSR Encoders;

155. Six (6) GoPro Hero 4 Cameras: Three (3) white in color; Three (3) black in color;

156. Fargo Thermal Printer HDP5000 with power cord, hopper, and rolls; Wonder Embosser; Rolls of Tipping Tape; Fargo Cleaning Kit; Markers and Tape; and Power Cords;

157. Fiberboard Box containing Three (3) LCD Universal Chargers/Power Converters; Two (2) Download Cords For Skimmers;

158. Eight (8) New Apple iPhone 6s in boxes; S/N: F71QR2FLGRYF; S/N: F18QKLY3GRYD; S/N: F18QKMSVGRYD; S/N: DNQQN8NKGRYD; S/N: FK1QD1YSGRYD; S/N:C6KRD5B7GRYF; S/N: F4GQT115GRYF; S/N: F75QLMQHGRYF;

159. Six (6) Purses: Two (2) Valentino Purses with storage bag; One (1) Valentino Purse in box with receipts; Three (3) Celine Purses with storage bags;

160. Tipping Machine;

161. ATM Skimmer MLM260-2R0382-4090019 (LVMPD Event Number 160325-1854);

162. ATM Skimmer (LVMPD Event Number 160329-2302);

163. Fraudulent Santander Infinite Credit Card INO RDO;

164. Pink iPhone 6s, 64 GB, Model: A1688, S/N: F71QR7VZGRYF, FCC ID: BCG-E2946A, in box;

165. Orange Nike shopping bag containing twenty-four (24) items of clothing;

166. Brown Nike shopping bag containing two (2) pairs of shoes and nineteen (19) items of clothing;

167. Orange Nike shopping bag containing three (3) pairs of shoes and six (6) items of clothing;

11

168. Orange Nike shopping bag containing thirty-two (32) items of clothing;

169. Orange Nike shopping bag containing thirty-six (36) items of clothing;

170. Orange Nike shopping bag containing thirty (30) items of clothing;

171. Brown Nike shopping bag containing two (2) pairs of shoes and four (4) items of clothing;

172. Orange Nike shopping bag containing twenty-nine (29) items of clothing;

173. Orange Nike shopping bag containing thirty-five (35) items of clothing;

174. Nike gift card, #6060102161291238334; Nike gift card #6060105461291238195; Nike gift card #6060107921291238287;

175. Nike bag containing two (2) pairs of shoes and one (1) silver packet labeled "Salonpas";

176. Nike bag containing two (2) pairs of shoes;

177. Nike bag containing nineteen (19) items of clothing;

178. Nike bag containing twenty-seven (27) items of clothing;

179. Nike bag containing twenty-two (22) items of clothing;

180. One (1) receipt and one (1) gift receipt from the Nike Store;

181. Apple iPhone 6 - FCCID: BCG-E2946A, IC:579C-E2946A;

182. 14 $100 Bills of US Currency;

183. Ulster Bank Visa Credit Card INO ADS, ending in 2767;

184. Black Toshiba laptop computer, S/N: YB235634Q;

185. Gray iPhone Model: A1549, FCC ID: BCG-E2816A, IMEI: 359239061355187;

186. Permanent Resident Card INO MA; One (1) Social Security card, SSN: xxx-xx-2653, INO MA;

187. Clear plastic case containing five (5) micro SD cards and four (4) SIM cards;

188. Sixteen (16) Credit/Debit cards total; ITAUCARD Itau Gold Visa Credit/Debit Card INO MA, ending in 4733, expiration 07/13; Wells Fargo Platinum Debit Visa Credit/Debit card INO MA, ending in 9163, expiration 12/14; ITAUCARD Itau International Master Credit/Debit Card INO MA, ending in 4956, expiration

12/12; My Vanilla Debit Visa Card, ending in 1865, expiration 10/20; US Bank Visa Credit/Debit card INO MA, ending in 7935, expiration 05/14; Bank of America Temporary Visa Credit/Debit card INO Preferred Customer, ending in 9466, expires 07/18; netSpend Credit/Debit Master Card INO MA, ending in 1712, expires 01/18; Bank of America Credit/Debit Visa card INO MA, ending in 9466, expires 10/18; Caixa Cartao do Cidadao card INO MA, ending in 4901, expiration 21/12/2009; Maestro Master Card INO MA, ending in 5813, expiration 10/12, with blacked out card name; Bradesco Credito e Debito Visa Credit/Debit card INO MA, ending in 4097, expiration 03/14; Caixa Poupanca Da Caixa a primiera do Brasil Master Credit/Debit Card INO MA, ending in 5088, expiration 03/14; Ideia Master Card Maestro Credit/Debit Card INO GI, ending in 6754, expiration 12/12; Bradesco Alimentaco Visa Credit/Debit card INO MA AGT Logistica, ending in 6012, expiration 12/13; Bradesco Credito e Debito Visa Credit/Debit card INO MA ending in 4097, expiration 03/14;   Itau Master Maestro Credit/Debit card INO MA, ending in 7045, expiration 09/14;

189. $10,007.00 in U.S. Currency, $100 x 100, $2 x 2, $1 x 3;

190. White and silver Apple iPhone Model: A1688, FCC ID: BCG-E2946A, IC: 579C-E2946A, with cracked screen, in yellow envelope labeled "Franklin #38";

191. Light pink Apple iPhone Model: A1688, FCC ID: BCG-E2946A, IC: 579C-E2946A, in yellow envelope labeled "Vitor #39";

192. Gold and white Apple iPhone Model: A1457, FCC ID: BCG-E2643B, IMEI: 359261060889602, with cracked screen, in yellow envelope labeled "Barboza #40";

193. Grey PNY 128 GB USB drive;

194. Dell laptop computer, S/N: CX3DM22;

195. $331 in U.S. Currency as follows: $100 x 3; $20 x 1; $10 x 1; $1 x 1; and

196. $100 in U.S. Currency as follows: (1) x $100

(all of which constitutes property); and

/ / /

13

that the United States recover from Henrique Ortolani de Souza Vila Real, a/k/a "Henrique Real," a/k/a "Bomba," the in personam criminal forfeiture money judgment of $259,947.55, not to be held jointly and severally liable with any codefendants, the collected money judgment amount between the codefendants is not to exceed $5,000,000, and that the property will not be applied toward the payment of the money judgment; and

the forfeiture of the money judgment and the property is imposed pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B); Fed. R. Crim. P. 32.2(c)(2); 18 U.S.C. § 1029(c)(1)(C) and 1029(c)(2); 18 U.S.C. § 982(a)(2)(B); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(p); and 21 U.S.C. § 853(n)(7); that the money judgment shall be collected; and that the property and the collected amount shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any and all forfeited funds, including but not limited to, currency, currency equivalents, certificates of deposit, as well as any income derived as a result of the government's management of any property forfeited herein, and the proceeds from the sale of any forfeited property shall be disposed of according to law.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED January 17, 2020.

_____
HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE